**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

OPTIMISM MEDIA, LLC; a Delaware limited liability company; SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1-10

Defendants.

Case No.: ______________________

Plaintiff, Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial District.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here, and because Defendants reside in this District and/or may be found in this District.

## PARTIES

5. Dr. Elliot McGucken is an individual currently residing in Los Angeles County.

6. McGucken alleges on information and belief that Defendant Optimism Media, LLC is a Delaware corporation doing business as "Travel Quiz" ("Optimism"), formerly doing business as "Trip Trivia" and "Travel Trivia", which owns and operates the website, *www.travelquiz.com*, and does business in and with this judicial District.

7. McGucken alleges on information and belief that Defendant Shutterstock, Inc. ("Shutterstock") is a Delaware corporation doing business in and with New York, including through its offices at 350 5th Avenue, New York, New York 10118.

8. McGucken alleges on information and belief that Defendants DOES 1 through 10, inclusive (collectively with Travel Quiz and Shutterstock, "Defendants"), are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement

of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. McGucken alleges on information and belief that at all times relevant hereto, each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## **CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH**

10. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

11. McGucken created and owns the original photograph depicted below (the "Subject Photograph"):

///

///

///

///

| **SUBJECT PHOTOGRAPH** |
| --- |
|  |

12. McGucken is the sole and exclusive owner of all copyrights in and to the Subject Photograph.

13. Prior to the acts complained of herein, McGucken registered the Subject Photograph with the United States Copyright Office.

14. Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photograph, including on his website, *www.emcgucken.com*, and in numerous articles and features about McGucken and his work, with the photograph properly credited to McGucken.

15. McGucken routinely published the Subject Photograph with copyright management

information identifying and crediting McGucken as its author.

16. McGucken alleges on information and belief that Defendants, and each of them, willfully copied, reproduced, publicly displayed, and distributed the Subject Photograph for commercial benefit without authorization, including by reproducing and displaying the Subject Photograph on the websites *www.traveltrivia.com* and *www.triptrivia.com*, currently accessible at *www.travelquiz.com*, which Travel Quiz owns, operates, controls, and/or maintains ("Infringing Uses"). True and correct screen captures of the Infringing Uses and their accompanying URLs are depicted below:

| <u>**INFRINGING USES**</u> |
| --- |
| <u>**URL:**</u> https://www.triptrivia.com/question/where-can-you-find-these-twisted-ancient-trees/YPCz5v0lkD6BR3jB   |

**URL:** https://www.traveltrivia.com/stunning-pine-forests/YZ06SwoKnAAHJ8sx

https://www.traveltrivia.com/stunning-pine-forests/YZ06SwoKnAAHJ8sx September 6, 2023

travel trivia SUBSCRIBE

View as slideshow




It's hard to overstate the benefits of forests to both the environment and our overall well-being. They help to create the oxygen that we breathe, regulate the climate, and provide habitats for millions of animals. It's also scientifically proven that going for a walk in a forest is good for our health. In particular, pine forests — part of a tree family known as conifers, which produce cones — create rich ecosystems that support a variety of plant and animal life. (Not to mention, they supply us with holiday cheer in the form of Christmas trees.) Pine forests possess an intrinsic ability to enchant us with their mystical and jaw-dropping landscapes — here are seven stunning examples to add to your travel wish list this year.

7
6
5
4
3
2
4
3
2
1

Ancient Bristlecone Pine Forest (California)





Located within the Inyo National Forest, the Ancient Bristlecone Pine Forest sprawls across 28,000 acres in eastern California's remote White Mountains. This protected area is home to the

17. The above exemplars are not meant to encompass all Infringing Uses; the claims made herein are to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates without permission, in whole or in part, the Subject Photograph. McGucken has never authorized Defendants, or any of them, to copy, reproduce, distribute, create derivative works from, or otherwise exploit the Subject Photograph.

18. On information and belief, Shutterstock is an online stock image seller and licensor, who has previously sold numerous licenses for McGucken's photography without his authorization or consent, and profited from same.

19. On information and belief, Optimism obtained the Subject Photograph from Shutterstock, who offered the Subject Photograph for licensing online for profit without McGucken's authorization or consent.

20. On or around October 6, 2023, McGucken sent a letter to Optimism, demanding that it cease and desist all publication and display of the Subject Photograph and the Infringing Uses of the Subject Photograph. Defendants did not reach a reasonable resolution of the resulting claims with McGucken, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each of Them)**

21. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. McGucken alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph through one or more sources, including, without limitation, McGucken's website, social media accounts, online profiles, and other online features; online publications and press coverage featuring McGucken's work; books and other print publications;

third-party websites; and other publicly available online sources. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

23. McGucken alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online for commercial benefit and without McGucken's authorization, including on Travel Quiz's former websites, *www.triptrivia.com* and *www.travelquiz.com*, as depicted above, and in Shutterstock's unlawful offer for license, licensing, and distribution of the Subject Photograph.

24. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

26. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each of Them)**

27. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. McGucken alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish or license the Subject Photograph.

29. McGucken alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution and publication of the infringing content.

30. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

32. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional

and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(For Violations of 17 U.S.C. § 1202 – Against All Defendants, and Each of Them)**

33. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

34. The Subject Photograph was routinely published with attribution information including McGucken's name and the name of the photograph, all of which identify McGucken as the author and owner of the Subject Photograph and qualify as copyright management information ("CMI").

35. McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's CMI from the Subject Photograph and added false CMI to the Subject Photograph attributing it to another source, before publishing, displaying, and distributing the same on their online publication.

36. McGucken alleges on information and belief that Defendants', and each of their, addition of their CMI to any publication and display, in whole or in part, of the Subject Photograph was false because Defendants do not own any rights or license relevant to the Subject Photograph.

37. McGucken alleges on information and belief that Defendants, and each of them, distributed digital content bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Photograph.

38. McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's CMI from the Subject Photograph, including, but not limited to, his name, business information, and/or metadata, and appended false CMI to his work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement.

39. The above conduct violates 17 U.S.C. § 1202(a) and (b) and McGucken therefore seeks separate statutory damages awards for each violation as well as attorneys' fees and any other damages resultant from the violations.

## PRAYER FOR RELIEF

WHEREFORE, McGucken prays for judgment as follows:

**Against all Defendants, and Each of Them:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from any article, advertisement, website, or other publication owned, operated, and controlled by any Defendants;

b. That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. §§ 504, 1203, and other applicable law;

c. That a constructive trust be entered over any revenues or proceeds realized by

Defendants, and each of them, through their infringement of McGucken's rights;

d. That McGucken recover his attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 and/or § 1203;

e. That McGucken be awarded his costs and fees under the statutes set forth above;

f. That McGucken be awarded pre- and post-judgment interest as permitted by applicable law; and

g. That McGucken receive such legal and equitable relief as the Court deems proper.

**JURY DEMAND**

McGucken demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

Dated: August 25, 2026

Respectfully submitted,

By: */s/ David M.S. Jenkins*
Scott Alan Burroughs, Esq.
David M.S. Jenkins, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*